*113 Statement of the Case.
MONROE, J.
Plaintiff proceeded against defendant, by rule, to recover $50 for each state and parish license for “carrying on the business of selling rugs, lace curtains and bed spreads, by peddling to consumers, by sample, for future delivery,” during the year 1906, together with 2 per cent, per month interest from March 1, 1906, and 10 per cent, attorney’s fees, and obtained judgment by default. A new trial was, however, granted, and defendant answered, in part, as follows:
“That he was, at the time his goods or samples were seized by the said sheriff and he was enjoined from carrying on his business, a mere clerk, agent, or salesman of the L. B. Price Mercantile Company, of Kansas City, Mo., with a local office in the city of New Orleans, and, as such, owed no license under any law of this state, inasmuch as he is in no manner interested in the sales made by him on account of his employer; that his business was selling, by sample, goods to be furnished later by said company, and that he carried with him no goods and delivered none to customers in said parish: that said company has paid all licenses required of it, under the law of this state, as wholesale and retail merchants.”
1-Ie further alleges that Act No. 49, p. 108, of 1904, under which plaintiff has proceeded, is, for various reasons which he sets forth, in contravention of articles 31, 32, and 229 of the Constitution of the state.
There was judgment (on the new trial) in favor of defendant, and it contains the usual recital:
“The law and the evidence being in favor of the defendant, etc., but there is no evidence in the transcript. Plaintiff has appealed.”
Opinion.
The brief of plaintiff's counsel, after quoting the first paragraph of defendant’s answer (as reproduced in the foregoing statement), proceeds as follows:
“There is no evidence in the record.
“Defendant admits that he was selling by sample; he says that he carried with him no goods, but he says that his goods were seized by the sheriff. He says that his firm, the L. B. Price Mercantile Company, of Kansas City, Mo., has paid all the licenses required of it under the laws of this state, as wholesale and retail merchants, yet he offers no receipt of state or parish license in evidence.
“Under his admission, it certainly devolved upon him (having admitted that he was engaged in the sale, by- sample, of goods belonging to a nonresident- firm, for future delivery) to have offered some evidence that he was representing this firm, or that he had paid his license, or that the firm that he claims to have been working for had paid at least its state license, or that he himself had paid some license on his business in the city of New Orleans, where, he says, he has a local office. Pie has not established by evidence any of his allegations.”
Save for defendant's admission, there is nothing in the transcript to show that he has ever been engaged in business in the parish of Tangipahoa,. and, in admitting that he-was so engaged as a “drummer,” employed by a merchant -domiciled in another state, to-solicit orders for goods to be delivered by the merchant as per the samples exhibited by him, defendant assumed no obligation to-prove anything or to make any further admission. Plaintiff was at liberty to rely upon the admission as made, or upon evidence to be offered by himself for the establishment of such facts as he may have considered necessary to his case. Having chosen to pursue-the course first mentioned, he cannot expect the court to divide the admissions of the-defendant to the prejudice of the latter, or to hold that defendant should have proved that he is not liable for a license for which neither his admission nor anything else, save-the bare allegation contained in plaintiff’s rule, tends to show that he is liable.
Act No. 49, p. 108, of 1904, does not attempt to classify drummers, representing-mercantile houses established in other states, and soliciting orders or selling by sample, as. hawkers or peddlers, or to impose any license-tax on them, and, as the defendant before the court appears to be engaged in the business, of soliciting orders and selling by sample for a mercantile concern domiciled in Missouri, the statute has no application to him.
He has, therefore, no interest to attack its, constitutionality.
Judgment affirmed.